**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0063-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KAWAN BOLT,

     Defendant-Appellant.

_____

Submitted November 6, 2019 – Decided December 18, 2019

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Burlington and Mercer Counties, Indictment No. 06-03-0367.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard Woodley Bailey, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Daniel Opatut, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on August 29, 2018, which denied his petition for post-conviction relief (PCR). We affirm.

I.

In March 2006, defendant and Victor Baylor were charged with first-degree robbery, N.J.S.A. 2C:15-1 (count one); third-degree attempted theft, N.J.S.A. 2C:5-1, N.J.S.A. 2C:20-3(a) (count two); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count three); and second degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four). Defendant and Baylor were tried jointly before a jury.

The evidence presented at trial established that on October 24, 2005, two masked men entered a delicatessen on Brunswick Avenue in Trenton. The shorter man put a gun to the owner's head and demanded money, while the taller man punched the owner. One of the store's employees grabbed the short man's gun and a struggle ensued. The tall man fought the employee and punched him in the face.

The perpetrators' masks fell off and their faces were revealed. The store's owner and an employee recognized both perpetrators as frequent customers. The owner took a small knife and stabbed the taller man above the right eye and on the left side of his abdomen. The perpetrators left the store without taking any

A-0063-18T4

money.  The incident was reported to the Trenton police, who contacted local hospitals and learned that a man had come to a hospital with stab wounds above the right eye and on the left side of the abdomen.

A detective went to the hospital and spoke with the injured man, who was identified as defendant.  He claimed he had been "jumped."  The police brought one of the store's employees to the hospital.  He identified defendant as one of the perpetrators of the robbery.

The detective learned that defendant had signed in at the hospital under a false name.  He informed defendant of his Miranda rights.[1]  The detective asked defendant how he came to be injured.

He stated that two men tried to rob him, and he was injured when he fought with them.  The detective told defendant he did not believe him and said he would be questioned further at the police station.

Defendant then admitted he lied when he stated he was a victim of a robbery.  He told the detective he walked into the deli while a robbery was in progress.  He claimed he tried to help the employees but was stabbed in the struggle.  Later that evening, employees from the deli identified Baylor as the other perpetrator.

---

[1]  Miranda v. Arizona, 384 U.S. 436 (1966).

A-0063-18T4

The jury found defendant guilty on all counts.[2] The trial court merged counts two, three, and four with count one, and sentenced defendant to twelve years of incarceration, with an 85% period of parole ineligibility as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2. The court also imposed a four-year concurrent term for an outstanding probation violation.

## II.

Defendant appealed from the judgment of conviction (JOC) dated March 9, 2007, and raised the following arguments:

> POINT I
> THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION TO SUPPRESS THE ORAL STATEMENTS MADE BY HIM TO THE POLICE PURSUANT TO CUSTODIAL INTERROGATION WITHOUT HAVING BEEN ADVISED OF HIS MIRANDA WARNING, WHICH NECESSARILY TAINTED HIS ORAL STATEMENTS MADE IMMEDIATELY THEREAFTER AFTER HE WAS ADVISED OF HIS WARNING.
>
> POINT II
> THE TRIAL COURT'S INDEPENDENT QUESTIONING OF THE DEFENDANT CAST ITSELF INTO THE ROLE OF AN ADVOCATE BY ESSENTIALLY PROJECTING ITS OWN DISBELIEF OF THE DEFENDANT'S TESTIMONY. (Not raised below).

---

[2] Baylor was convicted of the same charges. See State v. Baylor, No. A-3891-07 (App. Div. Aug. 24, 2010).

POINT III
THE TRIAL COURT ERRED BY INSTRUCTING
THE JURY THAT THE FACT THE DEFENDANT
GAVE A FALSE NAME TO THE HOSPITAL
COULD BE UTILIZED AS DEMONSTRATING A
CONSCIOUSNESS OF GUILT ON HIS BEHALF.

POINT IV
THE SENTENCE IMPOSED WAS MANIFESTLY
EXCESSIVE.

We affirmed defendant's convictions and sentence. State v. Bolt, No. A-6198-06 (App. Div. Aug. 4, 2010). Defendant then filed a petition for certification with the Supreme Court. The Court denied the petition. State v. Bolt, 205 N.J. 77 (2011).

On August 15, 2012, defendant filed a verified petition for PCR. The court found the petition was barred by Rule 3:22-12(a)(1) because it had not been filed within five years after the date the JOC was entered, and defendant did not establish that his failure to file a timely petition was due to excusable neglect. The PCR court also found defendant did not present a prima facie case of ineffective assistance of counsel, and denied his request for an evidentiary hearing. The PCR court memorialized its decision in an order dated September 24, 2014.

Defendant appealed from the court's order. We reversed and remanded the matter for further proceedings. State v. Bolt, No. A-2017-14 (App. Div.

Nov. 17, 2016) (slip op. at 8). We stated that on remand, the PCR court should appoint new counsel to represent defendant and counsel should be afforded the opportunity for oral argument. Ibid. We also stated that PCR counsel could seek leave to file certifications in support of the petition, and the court may reconsider its decision that an evidentiary hearing was not required. Id. at 8-9. The matter was thereafter transferred to Burlington County.

III.

The PCR court appointed new counsel for defendant, and defendant filed a certification in support of his petition. PCR counsel filed a brief in which he argued that the petition was not barred by Rule 3:22-12(a)(1). Counsel also argued that defendant was denied the effective assistance of counsel because trial counsel failed to: consult with defendant to review the evidence and prepare essential defenses; object to the trial court's questioning of defendant; object to numerous instances of prosecutorial misconduct; argue applicable mitigating factors, and seek a reduced sentence. In addition, PCR counsel argued that the court should consider the "totality" of the trial errors and asserted that defendant was denied the effective assistance of appellate counsel.

On February 2, 2018, the PCR court conducted oral argument. Defendant was present and commented on the record. The PCR court thereafter filed a

6

written opinion in which it concluded that the petition was barred under <u>Rule</u> 3:22-12(a)(1) because defendant failed to establish his failure to file a timely petition was due to excusable neglect.

The PCR court nevertheless considered the petition on the merits and found that defendant failed to establish a prima facie case of ineffective assistance of trial or appellate counsel. The court therefore determined that defendant was not entitled to an evidentiary hearing. The court entered an order denying PCR. This appeal followed.

On appeal, defendant argues that: (1) the PCR court erred by denying his petition for PCR without affording him an evidentiary hearing to address his claim that he did not receive adequate legal representation from trial counsel; and (2) the court erred by applying <u>Rule</u> 3:22-12(a)(1) as a procedural bar to the petition.

IV.

As noted, defendant argues that the PCR court erred by denying his request for an evidentiary hearing on his claim that he was denied the effective assistance of trial counsel. We disagree.

An evidentiary hearing is required on a PCR petition only if the defendant presents a prima facie case in support of relief, the PCR court determines there

are material issues of fact which cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). A prima facie case is established when the defendant establishes "a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, 693 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under the test, a defendant first "must show that counsel's performance was deficient." Strickland, 466 U.S. at 693. Defendant must establish that counsel's performance "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid.

Defendant also must show "that the deficient performance prejudiced the defense." Ibid. To establish prejudice, the defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the matter. Id. at 698.

Here, defendant argues he established that he was denied the effective assistance of counsel because his attorney did not obtain video footage from a security camera at the deli where the robbery occurred. Defendant contends he informed his first attorney about the security camera and told him he wanted to get a copy of the video footage. He asserts that if counsel had presented the footage to the jury, it would have supported his testimony that he never went into the deli with the intent to commit any type of robbery.

The PCR court found that the record shows defendant's attorney consulted with defendant and conducted a reasonable investigation on this possible defense. The court noted that at oral argument, defendant stated that before he went to trial, he informed his first attorney about the security camera in the deli. Defendant said an investigation was conducted and "people in the store" said the security camera was not working on the day of the robbery.

Moreover, defendant did not submit any affidavit or certification to the PCR court establishing that the security camera in the deli was, in fact, operating when the robbery was committed. In addition, at trial, the owner of the deli

9

testified that at the time of the robbery, there was a camera in the store but it "had broken down." Furthermore, two employees who were present during the robbery also testified that there was a camera in the deli, but it was not working.

Defendant nevertheless argues the PCR court should have conducted an evidentiary hearing during which PCR counsel could have asked trial counsel why he did not obtain the footage from the deli's security camera. Defendant notes that during the oral argument, he "suggested" trial counsel conducted an investigation about the security tapes and discovered that "on this one particular day" the security camera was not recording. Defendant claims the initial inquiry by his attorney was insufficient.

We are convinced, however, that defendant failed to present the PCR court with sufficient evidence to establish a prima facie case of ineffective assistance of counsel with regard to counsel's alleged failure to obtain the security footage. To establish a prima facie claim of ineffective assistance, a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Here, defendant did not establish that his attorney failed to investigate the existence of the footage from the deli's security camera. Defendant presented no competent evidence showing that the security camera was, in fact, working

10

and that it recorded the robbery. Indeed, the evidence presented at trial established that the camera in the deli was not working at the time. Moreover, at oral argument, defendant did more than suggest that his attorney had investigated this possible defense. He conceded that counsel had investigated possible surveillance footage and was told the camera was not operating when the robbery was committed.

We therefore conclude the PCR court correctly determined that defendant was not entitled to an evidentiary hearing on this claim. The record supports the court's finding that defendant failed to establish a prima facie case of ineffective assistance of trial counsel.

V.

Defendant further argues that the PCR court erred by finding his petition was barred under Rule 3:22-12(a)(1). He contends he established excusable neglect for his failure to file the PCR petition within five years after the date on which the JOC was entered. He also contends there is a reasonable probability that if his factual allegations are correct, enforcement of the time-bar would result in a fundamental injustice.

As we have explained, while the PCR court found defendant's petition was barred under Rule 3:22-12(a)(1), the court considered defendant's claims and

11

found that he had not established a prima facie case of ineffective assistance of counsel and that defendant was not entitled to an evidentiary hearing on his petition. Therefore, we need not address defendant's contention that the court erred by finding the petition was barred by Rule 3:22-12(a)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0063-18T4